**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4123
_____

WILLIE J. GRIFFIN, JR.,
                                    Appellant

v.

WARDEN MR. EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-07-cv-02239)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2016

Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: January 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Willie J. Griffin, Jr., appeals pro se from the District Court's order denying his

petition for a writ of habeas corpus filed pursuant to 28  U.S.C. § 2241.  For the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

following reasons, we will affirm the District Court's order.

I.

Griffin is a federal prisoner. On December 7, 2006, while he was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, Griffin was issued an incident report charging him with possessing a cellular phone and sim card in violation of Section 108 of the Federal Bureau of Prisons (BOP) Prohibited Acts Code. See 28 C.F.R. § 541.3, tbl. 3. Griffin appeared for a hearing before his Unit Disciplinary Committee (UDC), which, due to the seriousness of the offense, referred the matter to the Discipline Hearing Officer (DHO). See 28 C.F.R. § 541.15(h) (2007).

At a hearing before the DHO, the DHO reviewed the incident report as well as a memorandum indicating that three inmate-informants had implicated Griffin in cell phone transactions. Griffin waived his right to a staff representative and testified that the cell phone was not his. Following the hearing, the DHO found Griffin guilty of the charged offense and imposed sanctions that included the loss of Good Conduct Time (GCT).[1] Griffin's administrative appeal was rejected as untimely.

In December 2007, Griffin filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania alleging that he was denied due process during his disciplinary proceedings because, inter alia, he was

---

[1] Specifically, Griffin was disallowed forty days of vested GCT and ordered to forfeit forty days of non-vested GCT. (DHO Rept. 2, Dkt. No. 15-2.)

not given a copy of the DHO's written decision and there was insufficient evidence to support the DHO's decision. By way of relief, Griffin requested expungement of his disciplinary record and restoration of his GCT. The District Court determined that Griffin's due process claims were meritless[2] and denied the § 2241 petition.[3]

Griffin now appeals from the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good time credits.[4] Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). We exercise plenary review over the District Court's legal

---

[2] The government declined to seek dismissal on the ground that Griffin had failed to exhaust his administrative remedies. Therefore, the District Court denied Griffin's petition on the merits without determining whether he had properly exhausted his administrative remedies. Although we generally require prisoners to exhaust their administrative remedies prior to bringing habeas claims under § 2241, see Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996), there is no statutory exhaustion requirement attached to § 2241, Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Therefore, we assign no error to the District Court's approach.

[3] Although Griffin filed his § 2241 petition in 2007, the District Court did not adjudicate it until 2014 because the matter was dismissed, reinstated on appeal, and transferred several times before it was returned to the Middle District of Pennsylvania. In his present appeal, Griffin asks this Court to overturn the District Court's decision below "as a sanction" for that court's erroneous dismissal several years ago, which, according to Griffin, caused an eight-year delay in the adjudication of his claims. We may not order a district court to grant habeas relief as a "sanction" for a previous error.

[4] A certificate of appealability is not required to appeal the denial of a § 2241 petition.

3

conclusions, but review factual findings for clear error. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

### III.

"[A] prisoner has a constitutionally protected liberty interest in good time credit." Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). Thus, a prisoner facing the loss of GCT in a disciplinary proceeding is entitled to certain procedural protections. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). The minimum required protections are: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Id. (internal quotation marks and citation omitted).

On appeal, Griffin first argues that the BOP's failure to provide him with a copy of the DHO's written report violated BOP procedure and his due process rights under Wolff. In considering this claim, the District Court conceded that there was no evidence in the record that Griffin received a copy of the report during the

---

See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

4

administrative proceedings.  The court further found, however, that Griffin did obtain a copy of the report eighteen months later when the government attached it to its response in this litigation.  The District Court found that, because Griffin had not demonstrated that he suffered any prejudice as a result of the eighteen-month delay, he had received the process he was due under Wolff.

We see no error in the District Court's reasoning.  We recognize that, pursuant to the Supreme Court's decisions in Wolff and Hill, Griffin was entitled to a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action."  Wolff, 418 U.S. at 564 (internal quotation omitted).  As the District Court explained, however, Griffin failed to demonstrate that he was prejudiced by the prison's apparent failure to promptly provide him with a copy of the DHO report.  Contrary to Griffin's contention, the regulations permit an inmate like Griffin to proceed through the administrative appeal process without a written DHO report as long as he states in his appeal the date of the hearing and the nature of the charges against him.  See 28 C.F.R. § 541.19.  In fact, Griffin did appeal the decision here.[5]  Although he now complains that he had to rely on his "memory and/or a guess" in that appeal, he does not explain which portions of the DHO's written report he would have challenged if it had been in his possession.  In the absence of a

---

[5] As previously noted, Griffin's administrative appeal was dismissed as untimely. Significantly, however, Griffin does not argue that his failure to obtain a copy of the

showing of prejudice, we cannot say that Griffin was denied the process he was due. See, e.g., Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (holding, in the immigration context, that "there would be no due process violation in the absence of prejudice").

Griffin also challenges the sufficiency of the evidence against him. As previously noted, the DHO based its guilt determination primarily on the incident report and investigation as well as a memorandum reporting that three inmate-informants had implicated Griffin in cell phone transactions. Griffin concedes that the sim card and cell phone were in his cell, but claims that another inmate "planted" them there. Griffin also objects to the reliability of the informant evidence.

We have reviewed the record and conclude that, for substantially the reasons stated by the District Court, the DHO's decision was supported by "some evidence" of possession, which was sufficient to uphold a revocation of GCT. See Hill, 472 U.S. at 454 ("[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record.") (internal quotation marks and citation omitted); see also Denny v. Schultz, 708 F.3d 140, 145 (3d Cir. 2013) ("[T]he discovery of contraband in a shared cell constitutes some evidence of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell,

DHO report interfered with his ability to timely appeal.

including depriving that inmate of his or her liberty interest in good time credits.") (quotation omitted). Accordingly, the District Court correctly concluded that there was sufficient evidence to support the disciplinary finding.

IV.

We have reviewed Griffin's remaining arguments and conclude that they are meritless. Accordingly, we will affirm the District Court's decision. Griffin's motion for leave to file a supplemental appendix is granted.